## In re Lake Heritage Property Owners Association

*Murray B. Frazee, Jr.*, for petitioners.

MACPHAIL, P. J., November 15, 1973.—Petitioner seeks to have the court appoint three private policemen pursuant to the provisions of Act of November 15, 1972 (No. 271), P. L. 885, 22 PS §501, enacted November 15, 1972. The pertinent part of the statute reads as follows:

"(a) Appointment authorized.—Any nonprofit corporation, as defined in Part III of Title 15 (relating to corporations not-for-profit) maintaining . . . any buildings or grounds open to the public, . . . may apply to the court of common pleas of the county of the registered office of the corporation for the appointment of such persons as the corporation may designate to act as policemen for the corporation."

After hearing, the court makes the following

## FINDINGS OF FACT

1. Lake Heritage Property Owners Association, Inc., is a nonprofit corporation doing business and situated in the County of Adams, Pa., with its registered office at Lake Heritage, R. D. 2, Gettysburg, Adams County, Pa.

2. The persons suggested for appointment as policemen are responsible citizens residing in or near Lake Heritage, Adams County, Pa.

3. The corporation consists of lot holders in a large real estate development known as "Lake Heritage" situated partly in Straban Township and partly in Mt. Pleasant Township, Adams County, Pa.

4. The corporation owns the real estate sought to be protected by the appointment of policemen. The roads in the Lake Heritage development are private roads maintained by the corporation. The swimming pool located in the development is owned and operated by the corporation and is not open to the public. The lake situated in the development is not open to the public.

5. There are no township policemen in either Straban or Mt. Pleasant Townships.

6. The Pennsylvania State Police make occasional routine patrols in the development and provide the only police protection the lot holders receive.

7. In addition to Vehicle Code violations, there has been vandalism and some burglaries have been committed in the area.

## DISCUSSION

It seems quite apparent that the intent of the new legislation was to authorize "security police" with general police powers for certain specified nonprofit corporations. Petitioner seeks to bring itself within the provisions of the statute as a nonprofit corporation maintaining buildings or grounds "open to the public." In fact, however, while the general public is not physically prohibited from entering the development, such persons are trespassers, because the grounds are privately owned. Moreover, the principal recreational activities conducted on the grounds are not open to the public.

While the need for additional police protection has been amply demonstrated, "need" is not one of the criteria which the court must consider in determining whether policemen should be appointed, although we may take "need" into account in determining how many policemen should be appointed. As we read the statute, if petitioner falls within the statutory qualifications, we should appoint the policemen; but if petitioner cannot bring itself within the types of nonprofit corporations mentioned in the statute, then we cannot appoint the policemen.

Unfortunately for petitioner, its only recourse may be remedial legislation or action by the appropriate township authorities.

## CONCLUSION OF LAW

Petitioner does not maintain buildings and grounds open to the public and is, therefore, not entitled to the appointment of policemen under the provisions of Act No. 271, supra.

## ORDER OF COURT

And now, November 15, 1973, the petition is denied.